# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**DAVID RODRIGUEZ**  
**And others similarly situated,**

     **Plaintiff,**

**v.**

**FLEETWASH, INC. OF NEW JERSEY,**

     **Defendant.**  
_____/

Case Number:

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, David Rodriguez, by and through his undersigned counsel, hereby brings this action on his own behalf and on behalf of all similarly situated employees for unpaid overtime wages against Defendant pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). In support of their Complaint, Plaintiffs state as follows:

### Parties

2. Plaintiffs were employed by Defendant as manual laborers within the three years immediately preceding this action.

3. Defendant operates a pressure washing company in Hillsborough County, Florida.

## Jurisdiction

4. Defendant is pressure washing enterprise and provides services to its customers in Hillsborough County, Florida.

5. Defendant employed Plaintiffs as manual laborers in Hillsborough County, Florida.

6. At all times during their employment, Plaintiffs were employed by Defendant as non-exempt employees in Hillsborough County, Florida.

7. All events giving rise to this action occurred in Hillsborough County, Florida.

## Facts

8. Plaintiffs were employed by Defendant as a manual laborers.

9. During Plaintiffs' employment with Defendant, Plaintiffs received paychecks from Defendant.

10. At all times during Plaintiffs' employment, Plaintiffs were classified as a non-exempt employees paid on an hourly basis and not subject to any overtime exemptions or exceptions.

11. At all times relevant to this action, Plaintiffs worked for Defendant and performed services for Defendant in Hillsborough County, Florida.

12. During the entirety of their employment, Plaintiffs worked at least 43 hours per week.

13. Plaintiffs were not paid overtime wages for *all* of the hours they worked beyond 40 in a single workweek while employed by Defendant.

14. Plaintiffs were not subject to any overtime exemptions.

15. Defendant engaged in an illegal policy of skimming and permitting Plaintiffs to work 43 or more hours in each workweek of their employment and did not pay Plaintiffs premium wages for all hours worked beyond 40 in a single workweek.

16. Defendant did not record all of the time worked by Plaintiffs during their employment, which is a direct violation of 29 C.F.R. § 516.

17. Defendant failed to pay Plaintiffs at one-and-one-half-times their regular rate for all hours worked beyond 40 in a single workweek.

18. Defendant engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiffs premium wages for all hours worked while employed by

Defendant in an effort to extract work from Plaintiffs without compensating Plaintiffs for the work provided.

19. As a result, Plaintiffs often performed work for Defendant at a rate well below the appropriate premium wage because Plaintiffs worked after hours in full view of Defendant's management.

20. As of this date, Plaintiffs still have not been paid the entirety of their wages and has not been compensated for the full extent of their damages and wage loss under the FLSA.

21. Plaintiffs seek full compensation, including unpaid premium wages, liquidated damages, attorney's fees, and costs because Defendant's conduct in refusing to pay Plaintiff at least one-and-one-half times their regular rate was a calculated attempt to extract additional work out of Plaintiffs for the benefit of Defendant.

22. Defendant is a for profit corporation that operates and conducts business in, among others, Hillsborough County Florida, and is therefore, within the jurisdiction of the Court.

23. Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Plaintiff performed duties and

responsibilities that involved the pressure washings industry and required Plaintiff to regularly travel along interstate highways and byways. Plaintiffs regularly pressure washed parking lots that were intended to be occupied by vehicles traveling to Florida from foreign states.

24. This action is brought under the FLSA to recover from Defendant, unpaid overtime wages in the form of unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

25. The Court has jurisdiction over Plaintiffs' claims as material events transpired in Hillsborough County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

26. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).  Upon information and belief, including Plaintiffs' experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant is a multi-million-dollar operation that has considerable expertise in the pressure washing industry. Accordingly, Plaintiffs allege that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including food, goods,

materials and supplies, who also use telephones, fax machines and other instrumentalities of commerce.

27. At all material times relevant to this action, Plaintiffs in their capacity as laborers, were individually covered by the FLSA. The very essence of Plaintiffs' employment, pressure washing parking lots, is so closely related to interstate commerce that Plaintiffs' relationship to interstate commerce cannot be separated.

28. Plaintiffs did not participate in the creation of budgets for Defendant or participate in corporate strategy or planning. Plaintiffs did not implement legal compliance measures.

29. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiffs performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiffs for all hours worked during their employment.

30. Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiffs with providing even greater specificity regarding the precise number of overtime hours worked by Plaintiffs during each week of their employment.

31. However, Plaintiffs allege that they routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

32. Specifically, Defendant suffered and permitted Plaintiffs to work through their lunches while off the clock.

33. Plaintiffs were not paid for the time they spent working during their lunches while off the clock.

34. The work performed by Plaintiffs while off the clock during lunch was in full view of Defendant and often at Defendant's behest.

35. Plaintiffs regularly and routinely worked during their lunch breaks without compensation. Indeed, in any given week, Plaintiffs spent approximately 4 hours working during their lunch breaks without pay.

36. Defendant was aware that Plaintiffs were working during their lunch breaks, yet Defendant refused, failed, or neglected to pay Plaintiffs for the time they spent working during their lunch breaks in a cruel effort to extract free labor from Plaintiffs.

37. Plaintiffs desired to be compensated for all of the time they spent working, including the time they spent working during their lunch breaks.

38. Defendant engaged in a policy known as "automatic" lunch deductions in which Defendant automatically deducted at least 30 minutes per day from Plaintiffs' timesheets to represent an unpaid lunch break.

39. Defendant made no effort to remove or adjust their automatic lunch deduction policy to compensate Plaintiffs who regularly worked through their lunch breaks.

40. Instead, Defendant knowingly and willfully continued to deduct time from Plaintiffs' timesheets on a daily basis even though Defendant knew Plaintiffs regularly worked though their lunch breaks.

41. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiffs' true hours of work.

42. Plaintiffs has been financially damaged by Defendant's failure to properly compensate Plaintiffs for all hours worked.

## COUNT I – RECOVERY OF OVERTIME WAGES

43. Plaintiffs reincorporates and readopts all allegations contained within Paragraphs 1-42, above.

44. Plaintiffs were employed by Defendant and were, at all times, protected by the FLSA.

45. Plaintiffs were entitled to receive one-and-one-half times their regular rate for all hours worked beyond 40 in a single work week.

46. Plaintiffs regularly and routinely worked through their lunches while employed by Defendant and Plaintiff routinely worked more than 40 hours per week and was not always paid at least one-and-one-half times their regular rate for all hours worked beyond 40 in a single workweek.

47. Defendant engaged in an illegal policy of not paying Plaintiff premium wages for all hours worked beyond 40 in a single work week.

48. Plaintiffs were damaged as a result of Defendant's failure to pay Plaintiffs premium wages for all hours worked beyond 40 in a single workweek.

49. As a result of Defendant's willful violation of the FLSA, Plaintiffs are entitled to payment of the unpaid premium wages, liquidated damages, attorney's fees, and costs.

50. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs demand judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the unpaid overtime wages and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED this 23rd day of January, 2023.

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com