IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID RODRIGUEZ,

    Plaintiff,

v.                                                 CASE NO.: 8:23-cv-149-SCB-CPT

FLEETWASH, INC. OF NEW JERSEY,

    Defendants.

_____

**JOINT MOTION FOR APPROVAL OF
SETTLEMENTS AND DISMISSAL WITH PREJUDICE**

Named Plaintiff, David Rodriguez, and Opt-In Plaintiff, Jaron Smalls (collectively, "Plaintiffs"), and Defendant, Fleetwash, Inc. of New Jersey ("Fleetwash") (Plaintiffs and Defendant are referred to collectively herein as the "Parties"), move for entry of an Order: (1) approving the terms of the Settlement Agreements entered into by the Parties following arms-length settlement negotiations; (2) dismissing this case with prejudice and directing the entry of final judgment; and (3) granting such further relief as the Court deems just and proper. In support of this motion, the Parties state as follows:

    **I.**     **FACTUAL BACKGROUND**

On January 23, 2023, Plaintiff, David Rodriguez ("Rodriguez") filed a single-count complaint ("Complaint") against Defendant on behalf of himself

and all other similarly situated employees, alleging violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-216, for alleged unpaid wages resulting from time spent working during lunch breaks while off the clock. (Dkt. 1). On February 24, 2023, Opt-In Plaintiff, Jaron Smalls, filed a Consent to Join Collective Action. (Dkt. 12). The Plaintiffs have not moved for conditional certification pursuant to 29 U.S.C. § 216(b).

Fleetwash answered the Complaint on February 15, 2023 (Dkt. 7) and submitted a Verified Summary with respect to both Plaintiffs on March 8, 2023 (Dkt. 15).

Following extensive settlement negotiations which were initiated on March 17, 2023, the Parties reached two (2) separate agreements to pay Plaintiffs 100% of their alleged unpaid wages and overtime compensation, plus an equal amount of liquidated damages. The Parties also separately negotiated and reached an agreement to pay Plaintiffs' attorneys' fees and costs.

This matter involves a bona fide dispute as to whether and to what extent Plaintiffs are entitled to damages. The Parties note that the terms of the Agreements were reached following negotiation by experienced counsel and will result in Plaintiffs receiving an amount they agree will compensate them for 100% of the unpaid wages, overtime compensation, and liquidated damages they allege they are owed. The settlement terms reflect the recognition of the risk and costs of litigation by Parties with counsel experienced in such matters.

In order to avoid these risks and costs, the Parties agree that resolving this litigation in accordance with the Agreement is fair and reasonable. The Parties therefore request this Court to approve the Settlement Agreements.

## II. MEMORANDUM OF LAW

In the Eleventh Circuit, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or approved by the district court. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). In order to approve the settlement, a court must determine that the compromise is a fair and reasonable resolution of a bona fide dispute under the FLSA. Id. at 1354. If the settlement is fair and reasonable, the court should approve the settlement in order to promote the policy of encouraging settlement of litigation. Id.; see also Watson v. Brinker Florida, Inc., 2021 WL 8201476, at *2 (M.D. Fla. Dec. 30, 2021) (Lambert, M.J.).

In deciding whether an FLSA resolution is fair and reasonable under Lynn's Foods, Florida district courts consider the following nonexclusive factors: (i) the existence of fraud or collusion behind the settlement; (ii) the complexity, expense, and expected duration of the litigation; (iii) the state of the proceedings and amount of discovery completed; (iv) the probability of plaintiff's success; (v) the range of possible recovery; and (vi) the opinions of counsel. See, e.g., Roman v. FSC Clearwater, LLC, No: 6:16-cv-969, 2017 WL 1653571, at *1-2 (M.D. Fla. Apr. 21, 2017), report and recommendation

3

adopted by, 2017 WL 1552304 (M.D. Fla. May 1, 2017). When an FLSA settlement "reflects a reasonable compromise of the FLSA claims that are actually in dispute," the court may approve the settlement. Id. at *2. In reviewing FLSA settlements, courts recognize that "[t]here is a strong presumption in favor of settlement." Id.; see also Watson, 2021 WL 8201476, at *2 (Magistrate Judge Lambert explaining that "[a] court should presume that a settlement is fair and reasonable") citing Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir 1977).

In addition to the foregoing factors, the Court "must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement 'to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" Singh v. PetersenDean Roofing and Solar Sys., Inc., No. 6:17-cv-1110, 2018 WL 3235572, at *2 (M.D. Fla. June 6, 2018) (Irick, M.J.), report and recommendation adopted as modified, 2018 WL 3219410 (M.D. Fla. July 2, 2018) (quoting Silva v. Miller, 307 F. App'x 349, 351-52 (11th Cir. 2009)). The parties may demonstrate the reasonableness of the attorney fees by "representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim." Id. (citing Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009)). Indeed, "[i]f the parties negotiated attorney's fees separately

4

from the damages to be awarded to the plaintiff, which protects from 'conflict … taint[ing] the settlement,' then the court need not undertake a lodestar review of the attorney's fees for reasonableness. Watson, 2021 WL 8201476, at *2 (quoting Bonetti, 715 F. Supp. 2d at 1228).

## III.   ARGUMENT

The terms of the Parties' Settlement Agreements, which are attached hereto as **Exhibit 1** (Rodriguez) and **Exhibit 2** (Smalls) plainly comply with these requirements.  Here, Plaintiffs negotiated, through counsel, settlement terms that result in them receiving full compensation for the wages they claim were due to them based upon the allegations in the Complaint, plus liquidated damages.  Counsel for the parties calculated the maximum amount the Plaintiffs could have recovered under 29 U.S.C. § 216(b) if they prevailed in this action.  At most, Plaintiffs could have recovered the following amounts in unliquidated damages:

- Rodriguez: $2,941.68
- Smalls: $994.50

The terms of the respective Settlement Agreements between Defendant and Plaintiffs allow for complete recovery of the maximum amount of unliquidated damages Plaintiffs could have recovered in this case, plus an equal amount of liquidated damages.

5

Plaintiffs' counsel and Defendant's counsel are experienced in wage and hour matters, and recognize settlement will prevent expensive, protracted, and uncertain litigation in this particularly complex matter. The Parties also note that the negotiations were at arm's length, and there has been no fraud or collusion in the settlement of this case. Moreover, although the Settlement Agreements provide for a full mutual release and an agreement that Plaintiffs will not apply or seek re-employment or future employment with Defendant, Defendant provided Plaintiffs with additional consideration for these additional terms by paying each Plaintiff $1,000.00. This amount was agreed upon separately by the Parties and without compromise of Plaintiffs' FLSA claims. Finally, the Parties agree that the amount for attorneys' fees and costs that Defendants will pay to Plaintiffs is reasonable and was agreed upon without regard to the amounts paid to Plaintiff. Indeed, because Plaintiffs are each receiving 100% of their alleged unpaid wages and liquidated damages, Plaintiffs' attorneys' fees could not have tainted the amount being paid to the Plaintiffs. The Parties therefore respectfully submit that their settlement should be approved.

**IV.     CONCLUSION**

In light of the contested issues presented in this case and the potentially protracted, complex and expensive litigation that lies ahead, the settlement terms represent a fair and equitable resolution of this matter. The Parties

therefore respectfully request that the Court enter an order: (1) approving the terms of the Settlement Agreements; (2) dismissing this action with prejudice and directing the entry of final judgment; and (3) granting such further relief as the Court deems just and proper.

DATED: March 27, 2023.

Respectfully submitted,

**LEE LAW PLLC**

/s/ Kyle J. Lee
Kyle J. Lee
1971 West Lumsden Road
Ste. 303
Brandon, Florida 33511

*Attorneys for Plaintiffs*

**ABL LAW, P.A.**

/s/ Jacqueline A. Van Laningham
Daniel K. Bean, Esq.
Florida Bar No.: 0015539
Primary Email: *dbean@abljax.com*
Karen Ibach Bowden, Esq.
Primary Email: *kbowden@abljax.com*
Florida Bar No.: 712711
Jacqueline A. Van Laningham, Esq.
Florida Bar No.: 1003168
Primary Email: *jvanlaningham@abljax.com*
100 N. Laura Street, Suite 501
Jacksonville, FL 32202
Telephone: (904) 944-4100

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 27, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants:

Kyle J. Lee
**LEE LAW PLLC**
1971 West Lumsden Road
Ste. 303
Brandon, Florida 33511

*Attorneys for Plaintiff*

                                        /s/ Jacqueline A. Van Laningham
                                        Attorney