UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID RODRIGUEZ,

    Plaintiff,

v.                                                    Case No.: 8:23-cv-149-SCB-CPT

FLEETWASH, INC. OF NEW JERSEY,

    Defendant.
_____/

## **O R D E R**

Before the Court is the parties' Joint Motion for Approval of Settlements and Dismissal with Prejudice. (Doc. 18). The Motion is granted for the reasons stated below.

### I.  Background

David Rodriguez ("Plaintiff" or "Rodriguez") filed a one-count complaint against his former employee, Fleetwash, Inc. of New Jersey ("Defendant" or "Fleetwash"), on his own behalf and on behalf of all similarly situated employees for unpaid overtime wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"), on January 23, 2023. (Doc. 1). The Court issued its FLSA scheduling order on January 24, 2023. (Doc. 4).

Defendant answered the complaint on February 15, 2023. (Doc. 7). Plaintiff answered the Court's interrogatories on February 21, 2023. (Doc. 11). Jaron

Smalls, another former employee of Defendant, filed a consent to join collective action on February 24, 2023. (Doc. 12). Defendant filed its verified summary on March 8, 2023. (Doc. 15).

The parties filed their instant Motion on March 27, 2023, stating they have reached two separate agreements to pay Rodriguez and Smalls 100% of their alleged unpaid wages and overtime compensation, plus an equal amount of liquidated damages. The parties state they have also separately negotiated and reached an agreement to pay Plaintiffs' attorneys' fees and costs. The parties now seek approval of their settlements. (Docs. 18).

## II. Analysis

Rodriguez alleges that Fleetwash violated the overtime provisions of the FLSA, and Smalls joins in the action. (Docs. 1, 12). Accordingly, any settlement the parties reached is subject to judicial scrutiny. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (providing that before a court can approve a settlement of FLSA claims and dismiss a case, it must scrutinize the settlement and determine that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions"). If the settlement reflects a reasonable compromise over FLSA issues that are in dispute, the court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Id*. at 1354.

The parties have reached a settlement wherein it is agreed that Plaintiffs will receive full compensation for the wages they claim were due to them based upon the allegations in the complaint, as well as an equal amount of liquidated damages. Rodriguez will receive a total of $9,072.18 and Smalls will receive a total of $5,177.82, (Doc. 18-1, p. 2; Doc. 18-2, p. 2). Although the settlement agreements provide for a full mutual release and an agreement that Plaintiffs will not apply or seek re-employment or future employment with Defendant, Fleetwash provided Plaintiffs with additional consideration for these additional terms by paying Rodriguez and Smalls each $1,000.00. (Doc. 18, p. 6). The parties also agreed to reasonable attorneys' fees and costs that Defendant will pay Plaintiffs' counsel. (*Id*.). They represent that the attorneys' fees and costs to be paid to Plaintiffs' counsel were negotiated separately and did not compromise the amount to be paid to Plaintiffs. (*Id.*). Additionally, the parties explain that issues in this case are still in dispute and the settlement reached reflects a reasonable compromise of the disputed issues. (*Id.*, pp. 2-6).

Pursuant to *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), and other governing law, the Court approves the compromises reached by the parties in an effort to fairly settle this case. The settlements are facially fair and represent a reasonable compromise of the parties' dispute.

Accordingly, it is **ORDERED** and **ADJUDGED** that:

(1) The Joint Motion for Approval of Settlements (Doc. 18) is **GRANTED**.

(2) The parties' settlements are approved. This case is **DISMISSED WITH PREJUDICE**. The Court does not retain jurisdiction to enforce the settlement agreements or enter judgments.[1]

(3) The Clerk is directed to **CLOSE THE CASE**.

**DONE AND ORDERED** at Tampa, Florida, this 30th day of March 2023.

_____
SUSAN C. BUCKLEW
United States District Judge

---

[1] In addition to approving the settlement agreements and dismissing this case with prejudice, the parties request the "entry of final judgment." (Doc. 18, p. 7). However, that request appears to have been included by mistake because the settlements agreements do not include that term.